# Drake *v.* The State.

*Indictment for Gaming.*

1. *Criminal jurisdiction of justice of the peace in Madison, and proceedings before him.*—By special statute (Sess. Acts 1876-7, p. 197), justices of the peace in Madison, and other counties named, are clothed with original jurisdiction, concurrent with the Circuit Court, of all misdemeanors committed in the county; but all proceedings under the statute, in the exercise of this enlarged jurisdiction, are required to conform to and be governed by the general statutory provisions regulating criminal proceedings before justices of the peace, as embodied in the Code; and the initiatory step in the proceedings, by which the jurisdiction is called into exercise, is a complaint on oath, charging a person named with the commission of a specified offense.

2. *Same; judgment by confession without complaint, not bar to prosecution.*—A judgment rendered by a justice of the peace, clothed by special statute with original jurisdiction of all misdemeanors committed in the county, on the voluntary appearance and confession of a person

[Drake v. The State..]

against whom no charge or complaint has been made, is a nullity, and is no bar to a subsequent prosecution by indictment for the same offense.

FROM the County Court of Madison.
Tried before the Hon. WILLIAM RICHARDSON.

JOHN D. WEEDEN, for the appellant, cited Session Acts 1876–7, p. 197 ; *Ex parte Brown*, 63 Ala. 188 ; *Sanders v. The State*, 55 Ala. 45 ; *Grogan v. The State*, 44 Ala. 9 ; Wharton's Law Dictionary, tit. *Jeopardy* ; 1 Bishop's Crim. Law, §§ 856- 8.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The appellant was indicted in the Circuit Court of Madison county, the indictment containing two counts ; the first charging gaming, the offense denounced by the statute (Code of 1876, § 4207) ; the second charging the offense of betting at a game of cards or dice, or at a gaming-table, &c., denounced by the statute (Code of 1876, § 4209). The indictment, under the statute organizing the County Court of Madison county, was transferred from the Circuit Court, to that court, for trial. The appellant interposed a plea of former conviction, before a notary public and *ex officio* justice of the peace. The plea averred that, on the 6th day of February, 1882, the defendant was by the notary convicted of the offense charged in the indictment, and set out the record of the proceedings and judgment ; from which it appears that, on the 6th day of February, 1882 (the first day of the term of the Circuit Court, at which the indictment was found), the defendant appeared before the notary public, without complaint having been made, or process issued against him, and stated that, within the preceding twelve months, he had at a particular place, within the county of Madison, violated four different times the statute against gaming, and the statute against betting at a game of cards or dice, &c., but the particular times or occasions he could not remember. To such violations of the statute he pleaded guilty, and the justice sentenced him to pay a fine of one hundred dollars. The State demurred to this plea ; the solicitor specifying, as the sole ground of demurrer, "that the plea does not show that there ever was a legal conviction of the defendant in any court of the State of Alabama authorized to try such cases." The demurrer was sustained ; a trial was had on the plea of not guilty ; and there was a verdict of guilty, assessing a fine of one hundred dollars against the defendant, upon which judgment was rendered.

The constitution authorized the General Assembly to confer jurisdiction of prosecutions of misdemeanors on justices of the peace, or such other inferior courts as may be established by law, dispensing with the presentment of a grand jury. By an act approved February 8th, 1877 (Pamph. Acts 1876-7, p. 197), justices of the peace in Madison, and several other counties, were clothed with original jurisdiction, concurrent with that of the Circuit Court, of all misdemeanors committed in the county. It is expressly provided, however, that all proceedings under the act must conform to, and be governed by the general statutory provisions, embodied in the Code, regulating proceedings in criminal proceedings before justices of the peace. The substance of these proceedings is, first, a complaint on oath, charging the person accused of an offense of which the justice had jurisdiction. This is the first step taken in the initiation of the prosecution, and it must be taken before the jurisdiction of the justice can be called into exercise. The power conferred on the justice is the power residing in the Circuit Court. It is power to hear and determine prosecutions for misdemeanors. The power can not be quickened into activity, until a complaint is made—until a case is presented, bringing it into exercise. The power to hear and determine a cause is jurisdiction. "Before the power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person and thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been brought properly before the tribunal, to answer the charge therein contained."—*Sheldon v. Newton*, 3 Ohio St. 489. It can not be admitted, for a moment, that the constitution or statutes contemplate such a proceeding as that now relied on as a bar to this indictment; that a party, knowing himself guilty of a misdemeanor, should become his own prosecutor, select his own judge, without notice to the State, or any officer authorized to prosecute in its behalf, confessing his guilt, submitting to judgment, and escape prosecution in the appointed mode, in proceedings in form and effect adversary, in which the State has the opportunity of being heard, and of vindicating its laws. If the proceeding was civil, involving private rights, it would not be pretended that a plaintiff could be barred of his right to a fair trial in the modes appointed by law, by the appearance before a court, and the confession of judgment by the defendant, of which he had no notice, and in the rendition of which he had no agency. The proceeding and judgment before the notary were *coram non judice*—a mere nullity—and can not operate

as a bar to the present indictment.—*State v. Little*, 1 N.
H. 257.

The demurrer was properly sustained, and the judgment
of conviction must be affirmed.