Paulette K. Wright was arrested for speeding, Alabama Code 1975, § 32-5A-171, and for driving while intoxicated, §32-5A-191, on October 11, 1984. In December of 1984, she was convicted in the district court of DUI and sentenced to thirty days in the county jail, of which she was ordered to serve forty-eight hours with the remainder suspended, conditioned upon the completion of an alcohol treatment program. Wright was also fined $500. The speeding ticket was dismissed "upon completion of jail sentence."
Appeal was taken to the circuit court, which dismissed the charges in April of 1985, pursuant to Ex parte Dison,469 So.2d 662 (Ala. 1984), with the Deputy District Attorney stipulating that the state trooper "did not appear before a magistrate and swear to the veracity of the ticket in this case."
In May of 1985, Wright was separately indicted by the grand jury for DUI and speeding. The circuit judge summarized the procedural events: "The [circuit] court then transferred the case to the district court, stating that District Court had original jurisdiction in this case. The District Court transferred the cases back to Montgomery Circuit Court saying once the information [sic] had been returned by the Grand Jury, they lost jurisdiction."
In September of 1985, Wright was tried and convicted on the indictments in the circuit court without a jury. In each case, Wright was sentenced to forty-eight hours in the county jail and fined $500.
 I
Wright contends that the circuit court had no original jurisdiction of the misdemeanor traffic offenses for which she had been convicted.
Speeding and driving under the influence are violations of the Rules of the Road, § 32-5A-1 et seq., and constitute "traffic offenses." "A `traffic infraction' is any violation of a statute, ordinance or regulation relating to the operation or use of a motor or other vehicles or the use of streets and highways by pedestrians." § 12-12-50. Both speeding and DUI are misdemeanor offenses since neither controlling section specifically sets out a felony penalty. § 32-5A-3. "All felonies and all misdemeanors originally prosecuted in the District Court or Circuit Court are indictable offenses." §15-8-2.
Section 12-12-32 establishes the general criminal jurisdiction of a district court. It provides, in pertinent part: "(a) Misdemeanors — The District Court shall have exclusive original trial jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors, except: * * (3) Any misdemeanor for which an indictment has been returned by a grand jury." § 12-12-32 (a)(3).
"The District Court shall have exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions, except ordinance *Page 179 
infractions prosecuted in municipal courts." § 12-12-51.
Alabama Code 1975, § 12-11-30, provides: "The Circuit Court shall have the following jurisdiction: * * * (2) Criminal —
The Circuit Court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge; except, that the District Court shall have concurrent jurisdiction with the Circuit Court to receive pleas of guilty in felony cases not punishable by sentence of death."
The Attorney General argues that § 12-12-32 (a)(3) and §12-12-51 may be harmonized to mean that the district court has original exclusive jurisdiction of all traffic offenses except those in which an indictment has been returned by the grand jury. This construction offends the language of both sections and violates established principles of statutory construction. We reject that interpretation in favor of the clear and obvious meaning of the two statutes. We construe the two statutes to mean that the district court has exclusive original jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors, except any misdemeanor for which an indictment has been returned by a grand jury, § 12-12-32
(a)(3), except where the misdemeanor is a traffic infraction, in which case the district court has exclusive original jurisdiction. § 12-12-51. In other words, the district court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions even where an indictment has been returned (except ordinance infractions prosecuted in municipal courts). For any misdemeanor prosecution by indictment, other than a traffic infraction, the district court has jurisdiction but does not have exclusive original jurisdiction.
Sections 12-12-32 and 12-12-51 are both part of the same act. Acts 1975, No. 1205, § 4-106. "[T]here is no sounder rule of construction than is the rule requiring that each section, paragraph, and clause of an act shall be construed as standing in pari materia, and must be construed as a whole when they relate to the same subject-matter, or have the same general purpose." Wages v. State, 225 Ala. 2, 4, 141 So. 707 (1932). "Statutes are to be construed as a whole and the parts thereof harmonized if possible." Eagerton v. Terra Resources, Inc.,426 So.2d 807, 808 (Ala. 1982). "Where two sections or provisions of an act are conflicting the last in order of arrangement controls." Alabama State Board of Health ex rel. Baxley v.Chambers County, 335 So.2d 653, 655 (Ala. 1976). Where there is a general provision dealing with a general subject and a special provision dealing with a specific subject, the special provision is construed as an exception to the general law and yields to the special and the exception controls. State v.Elliott, 246 Ala. 439, 440-41, 21 So.2d 310 (1945). "Conflicting intentions in one and the same act are not to be supposed, and never so regarded, unless forced upon the courts by unambiguous language. The rule of construction is to harmonize seeming conflicts. To do so, the less certain must yield to its more certain terms." Marengo County v. WilcoxCounty, 215 Ala. 640, 642, 112 So. 243 (1927).
Section 12-12-32 is titled "Criminal jurisdiction generally" and refers to all misdemeanors. Section 12-12-51 is titled "District court jurisdiction of misdemeanor prosecutions for traffic infractions," and deals specifically with a particular type of misdemeanor. Applying the above rules of statutory construction, the special statute, § 12-12-51, is the exception to the general statute, § 12-12-32, and the general yields and the exception controls.
Here, Wright's convictions in the circuit court on the indictments for speeding and DUI must be reversed since the circuit court never had jurisdiction and proper objection was raised.
 II
Because the unsworn speeding ticket and complaint were void under Dison, *Page 180 
supra, the district court judgment dismissing the ticket did not amount to an acquittal so as to prevent Wright from being indicted for speeding. A void complaint will not support a plea of former jeopardy. Williams v. State, 333 So.2d 613, 614 (Ala. 1976); Petty v. State, 414 So.2d 182, 183 (Ala.Cr.App. 1982); 22 C.J.S. Criminal Law § 246 (1961). A judgment on a void complaint will not support a plea of former jeopardy, Barber v.State, 151 Ala. 56, 43 So. 808, 810 (1907), and will not bar a subsequent indictment. Johnson v. State, 82 Ala. 29, 2 So. 466,467 (1886); Drake v. State, 68 Ala. 510, 512 (1881); Wiggs v.State, 5 Ala. App. 189, 193, 59 So. 516 (1912). The dismissal of a complaint because it is void will not bar an indictment on the same charges. See Anthony v. City of Birmingham, 240 Ala. 167,168, 198 So. 449 (1940).
The judgment of the circuit court is reversed and this cause is remanded to the circuit court with directions that the circuit court remand this cause to the district court for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.