James Gregory Parker was indicted for driving under the influence; the indictment purported to charge a violation of §32-5A-191(f). Parker was indicted before the May 28, 1996, amendment of § 32-5A-191. See Act No. 96-705 Ala. Acts 1996. That amendment moved the provisions of § 32-5A-191(f), under which Parker was indicted, to § 32-5A-191(h), where they currently appear. The first trial resulted in a mistrial. Subsequently, Parker filed a motion in limine to prevent the State from offering, in a second trial, any evidence of his prior DUI convictions; those prior convictions had been alleged in the indictment. As grounds for his motion, Parker argued that the fact of the prior convictions was not an element of the crime for which he was charged and that evidence of those prior convictions would constitute improper evidence of bad character. The trial court granted his motion. The State appealed from the order granting the motion in limine. The Court of Criminal Appeals reversed that order. State v. Parker, [Ms. CR-95-1435, September 27, 1996; on app. for rehearing, September 26, 1997] 740 So.2d 421 (Ala.Crim.App 1996). We granted Parker's petition for certiorari review.
We address the issue whether § 32-5A-191(h) states a substantive offense, of which the three prior convictions referred to in that subsection are elements, or whether the prior offenses referred to in that subsection are properly to be considered only for the purposes of determining whether upon conviction a defendant shall receive an enchanced sentence. We reverse and remand.
Parker had at least three prior convictions for driving under the influence within the preceding five-year period. Under the provisions of the statute, a person convicted of driving under the influence of alcohol or a controlled substance (the offense dealt with in § 32-5A-191) is guilty of a Class "C" felony if the DUI conviction is the "fourth or subsequent such conviction" within five years. (The "within five years" provision has now been removed from subsection (h).) See § 32-5A-191(h), Ala. Code 1975.
Parker contends that § 39-5A-191(f) (now § 32-5A-191(h)) is a sentence-enhancement provision and does not state a substantive offense. Parker further argues that to allow his prior DUI convictions into evidence during his trial would be to admit evidence of bad character, as opposed to evidence of a substantive offense. Thus, Parker argues that his prior DUI convictions should not be considered as an element of the substantive offense with which he is now charged, but rather should be considered for the purpose of enhancing his sentence if he is convicted of driving under the influence. *Page 434 
The Court of Criminal Appeals, reversing the order granting the motion in limine, cited several examples of statutes that include a prior conviction or convictions as an element of the substantive offense. See, C. Gamble, McElroy's Alabama Evidence § 69.01(1) (4th ed. 1991) (if the defendant's commission of another crime or misdeed is an element of guilt, then proof of that other act is admissible). For example, §§ 13A-10-31(a)(2), 13A-11-72(a), and 13A-12-213(a)(2) each includes, as part of the substantive offense, the fact that the defendant has had one or more prior convictions; this fact of the prior convictions must be charged in the indictment and proved.
Section 13A-10-31(a)(2) states that a person commits the crime of "escape in the first degree" if, "[h]aving been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction."
Section 13A-11-72(a) defines the offense commonly referred to as unlawfully carrying a pistol, as follows:
 "No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control."
Section 13A-12-213(a)(2) defines "unlawful possession of possession of marihuana in the first degree" to include the situation in which a person possesses "marihuana for his personal use only after having been previously convicted of unlawful possession of marihuana in the second degree or unlawful possession of marihuana for his personal use only."
However, each of these three examples, all cited in the opinion of the Court of Criminal Appeals, involves a statute that includes the fact of the prior conviction or convictions as part of the substantive offense, not as factors for enhancing a sentence.
In contrast, § 32-5A-191(h) (the current codification of the applicable statute) provides in pertinent part:
 "On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by [a fine and a sentence within certain ranges]."
(Emphasis added.)
Section 32-5A-191(a) provides in pertinent part:
 "A person shall not drive or be in actual physical control of any vehicle while:
 "(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
"(2) Under the influence of alcohol . . . ."
Section 32-5A-191, plainly read, compels the conclusion that the provisions of the present subsection (h) were intended to declare certain DUI convictions to be felony convictions and to prescribe punishment, rather than to define the substantive elements of a separate offense. Furthermore, the substantive elements of the offense dealt with by § 32-5A-191 are set out in subsection (a). Judge Long pointed this out in his dissent from the Court of Criminal Appeals' September 26, 1997, opinion on application for rehearing; in that dissent, he noted that the State conceded that the provisions of current subsections (e), (f), and (g) — relating to defendants convicted of a first, a second, or a third DUI conviction — are sentencing provisions and do not state substantive elements of an offense.
Subsection (e) reads:
 "Upon first conviction, a person violating this section shall be punished by . . . ."
Subsection (f) reads:
 "On a second conviction within a five-year period, a person convicted of violating *Page 435 
this section shall be punished by . . . ."
Subsection (g) reads:
 "On a third conviction, a person convicted of violating this section shall be punished by . . . ."
The fundamental difference between subsection (h) and subsections (e), (f), and (g) is that subsection (h) makes the fourth conviction punishable as a felony. The State argues that subsection (h) is significantly different from subsections (e), (f), and (g) because subsection (h) changes the offense from a misdemeanor to a felony. Judge Long correctly states in his dissent that this is "a distinction without a difference." 740 So.2d at 430. Subsection (h), while increasing the severity of the punishment, does not alter the substantive offense set out in subsection (a).
Moreover, we are not persuaded by the State's contention that the phrase "a person [convicted a fourth time] shall be guilty of a Class C felony and punished" (emphasis added) evidences a legislative intent to establish a substantive offense in subsection (h). Contrary to the State's argument, the legislative intent as we perceive that intent to be, supports our interpretation of subsection (h) as providing for sentence enhancement, rather than as stating the elements of an offense. The title to Act No. 94-590, Ala. Acts 1994, the act that added the former subsection (f) that is now (h), indicates clearly that the legislature intended, by adopting that subsection, to create an enhancement provision and not to create a separate substantive offense. The title reads as follows:
 "AN ACT to amend Section 32-5A-191, Code of Alabama 1975, relating to the offense of driving under the influence of alcohol and drugs to increase the penalties and sanctions for a fourth and subsequent conviction."
(Emphasis added.) The title, which explains in general terms the purpose of the enactment, supports Parker's argument that the subsection is directed toward providing additional punishment rather than creating a separate substantive offense.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded.
REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Kennedy, See, and Lyons, JJ., concur.
Brown, J., recuses herself.