750 So.2d 587 (1999)
Ex parte Stanley FORMBY.
(Re Stanley Formby v. State).
1972151.
Supreme Court of Alabama.
April 9, 1999.
Opinion Overruling Rehearing August 27, 1999.
*588 Jerry N. Quick, Trussville, for petitioner.
Bill Pryor, atty. gen., and Andy S. Poole, asst. atty. gen., for respondent.
MADDOX, Justice.
The legal issue presented in this case is the same as that presented in Ex parte Parker, 740 So.2d 432 (Ala.1999). The judgment of the Court of Criminal Appeals is reversed and the cause remanded, based on our holding in that case.
REVERSED AND REMANDED.
HOOPER, C.J., and HOUSTON, KENNEDY, COOK, SEE, LYONS, and JOHNSTONE, JJ., concur.
BROWN, J., recuses herself.

On Application for Rehearing
MADDOX, Justice.
In its application for rehearing the State presents two issues. The State's application is due to be overruled, but we will explain our reasons.

Facts and Procedural History
On November 24, 1995, Stanley Formby was stopped by a Riverside police officer and was arrested for driving under the influence of alcohol. In June 1996, the St. Clair County grand jury returned a two-count indictment against Formby. Before the trial, the defendant moved to require that the State elect which of the two charges it would proceed on, and Judge Robert Austin granted that motion. The State elected to proceed on Count II, which charged:
"The Grand Jury of [St. Clair] County charges that before the finding of this indictment, STANLEY FORMBY, whose true name is otherwise unknown to the Grand Jury, after having been convicted of three (3) prior Driving Under the Influence Violations within the past five (5) years,[1] did on or about November 24, 1995, drive or was in actual physical control of a vehicle on a highway in St. Clair County while under the influence of alcohol to a degree which rendered him incapable of safely operating a motor vehicle, in violation of *589 Section 32-5A-191(a)(2) of the Code of Alabama."
Formby objected to Count II, arguing that allowing the jury to be informed of his prior DUI convictions in the guilt phase of his trial would be prejudicial and would bias the jury against him. The trial judge overruled that objection. During its case-in-chief, the state admitted evidence of Formby's three prior convictions, and the jury subsequently found him guilty. The trial judge sentenced him to four years in prison.
The Court of Criminal Appeals affirmed Formby's conviction and sentence. This Court, on April 9, 1999, reversed on the authority of Ex parte Parker, 740 So.2d 432 (Ala.1999).

Discussion

I.
The State's first issue presented in its rehearing application, the answer to which is dispositive, is:
"Does the Parker decision render Formby's conviction, and the convictions of all others similarly situated, void for lack of jurisdiction because they are based on indictments which originated in the Circuit Court when the District Court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions?"
(State's application for rehearing, at 2.) Our review of the State's brief indicates that the state may be laboring under the mistaken inference that in Parker this Court held that a "felony DUI," i.e., a fourth or subsequent DUI conviction, is actually a misdemeanor. The State argues:
"The question raised by this Court's application of Parker to this case presents this Court with the opportunity to clarify the application of Parker. The first question is whether this Court's holding in Parker renders void all convictions in circuit courts for felony DUIs, because the circuit courts had no jurisdiction over misdemeanor traffic infractions."
(State's brief and argument in support of application for rehearing, at 8.) We accept the State's invitation to clarify Parker.
In Parker, we held:
"Section 32-5A-191, plainly read, compels the conclusion that the provisions of the present subsection (h) were intended to declare certain DUI convictions to be felony convictions. ..."
Ex parte Parker, 740 So.2d at 434 (emphasis added). The Code subsection in question provides:
"(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years."
§ 32-5A-191(h), Ala.Code 1975 (emphasis added).
To clarify, then, Parker held that a fourth or subsequent DUI conviction is a felony conviction, rather than a misdemeanor conviction. Parker, thus, is consistent not only with the plain language of § 32-5A-191(h) but also with the general definition of "felony" found in Title 13A, the Criminal Code, which defines a "felony" as "[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title." § 13A-1-2(4).
Having explained that Parker does not stand for the proposition that "felony DUI" convictions are really misdemeanor convictions, we now discuss our understanding of the effect of that conclusion. We held in Parker:
"[W]e are not persuaded by the State's contention that the phrase `a person [convicted a fourth time] shall be guilty of a Class C felony and punished' evidences a legislative intent to establish a substantive offense in subsection (h). *590 Contrary to the State's argument, the legislative intent as we perceive that intent to be, supports our interpretation of subsection (h) as providing for sentence enhancement, rather than as stating the elements of an offense."
Parker, 740 So.2d at 435 (emphasis omitted; new emphasis added). The import of that holding is that during the guilt phase of a defendant's DUI trial the jury should not be presented with evidence of the defendant's prior DUI convictions. In so holding, we sought to prevent prejudicial information of a defendant's prior convictions from tainting the jury's determination of guilt in regard to the instant offense. Of course, due-process protections also require that the defendant be on notice of the charges against him, so the indictment should put him on notice that he is being charged with a violation of § 32-5A-191(a)(2), made a felony by § 32-5A-191(h).

II.
We now apply the law, as explained above, to the facts of this present case. In its opinion affirming Formby's conviction, the Court of Criminal Appeals wrote:
"In any event, the appellant's due process rights were not violated by the fact that the indictment, which was read to the jury, referred to three previous D.U.I. convictions, because `"[t]he obvious purpose of [using a prior conviction as an element of the charged offense is to] ensure that the accused is fully advised and informed of the nature and extent of the offense for which he stands charged. The aggravating circumstance is a statutory element of the crime which must be alleged and proven."' Cain v. State, 562 So.2d 306, 308 (Ala. Cr.App.1990), quoting Hubbard v. State, 500 So.2d 1204, 1215 (Ala.Cr.App.1986). In Cain, we held that the defendant's due process rights were not violated, although the indictment against him, which was read to the jury, referred to a prior conviction for the unlawful possession of marijuana. We based our decision on the fact that a prior conviction of second-degree unlawful possession of marijuanaor unlawful possession of marijuana for personal usewas an element of first-degree unlawful possession of marijuana, and thus, must have been alleged and proven at trial. Similarly, in State v. Parker, 740 So.2d 421 (Ala.Cr. App.1996), opinion on rehearing, 740 So.2d at 424 (Ala.Cr.App.1997), this Court held that an indictment for felony D.U.I. should contain reference to the three prior D.U.I. convictions because those convictions are a material element of the offense."
Formby v. State, 750 So.2d 581, 584-85 (Ala.Crim.App.1997). This is the issue of law at the heart of this Court's opinion in Parker. The Court of Criminal Appeals noted that while Formby objected in limine to having evidence of his prior DUI convictions admitted into evidence, and while he objected during the trial to the admission of the evidence of his prior convictions, he did not assert, when he objected during the trial, that he was objecting for the same reasons he had objected to the court's reading the indictment to the jury. Nonetheless, as a result of this Court's Parker decision, introducing evidence of prior DUI convictions during the guilt phase of a trial will be deemed prejudicial and reversible error. This Court, accordingly, on original submission, reversed the judgment of the Court of Criminal Appeals in Formby, on the authority of Parker.

Conclusion
The State has not convinced us that our holding on original submission was erroneous. In summary, the short answer to the State's first question is that the Legislature's enactment of § 32-5A-191(h) made jurisdiction over a fourth or subsequent DUI charge appropriate in the circuit court, because the offense chargeda fourth or subsequent DUI offenseis a felony. This Court's decision in Parker *591 had no impact on that jurisdictional issue. Prosecutions for felony DUI offenses should have been, and should continue to be, in the circuit court.[2]
The indictment gave Formby appropriate notice of the charges against him. Because the indictment charged him with a felony, it was appropriate for the prosecution to proceed in the circuit court. We reversed because the prosecution was allowed, during the guilt phase of Formby's trial, to present evidence of three prior DUI convictions; under Parker, that was reversible error.
We reiterate that Parker stands for the proposition that a conviction for a fourth or subsequent DUI is a felony conviction. Further, as we held in Parker, it is reversible error for a jury, during the guilt phase of a trial, to be presented with evidence of the defendant's prior DUI convictions. The prior convictions are not to be considered until after the jury has passed on the question of the defendant's guilt.
APPLICATION OVERRULED.
HOOPER, C.J., and HOUSTON, COOK, LYONS, and JOHNSTONE, JJ., concur.
BROWN, J., recuses herself.
NOTES
[1] The statute has since been amended to remove the requirement that the defendant's three prior DUI convictions be within a five-year period. See Act No. 96-705, Ala. Acts 1996.
[2] Because the second issue the State raises in its rehearing application is premised on a "yes" answer to the first question, we need not discuss that second question.