Pursuant to § 12-12-72, Ala. Code 1975, the district court certified the following question to this court:
 "When a DUI case and its companion case(s) (if any) are sent to the Grand Jury for consideration, and that Grand Jury returns an indictment for one count of Felony DUI and one count of Misdemeanor DUI, and in a Circuit Court proceeding it is determined that the State cannot prove three proper prior convictions for enhancement purposes, and if the Circuit Court then enters an Order remanding the case for prosecution in the District Court, does the District Court have jurisdiction to hear the case or does jurisdiction remain in the Circuit Court for prosecution of the misdemeanor count(s)?
I would answer this question as follows: The district court has concurrent jurisdiction with the circuit court to receive a guilty plea with respect to the related misdemeanor charge. However, the district court does not have jurisdiction to try the remaining misdemeanor charge; jurisdiction remains in the circuit court for prosecution of that charge.
The statutes and accompanying caselaw pertaining to this jurisdictional issue have been the subject of much debate among lawyers and judges alike. Judge Cobb, writing for this court in Casey v. State,740 So.2d 1136, 1138-39 (Ala.Crim.App. 1998), concisely discussed the interaction of the applicable statutes and caselaw:
 "Casey argues that the circuit court did not have subject matter jurisdiction to hear his case. Immediately before trial, the indictment charging Casey *Page 408 
with felony DUI was nol-prossed. Casey asserts that because the remaining charges against him were misdemeanors, jurisdiction over his case rested exclusively with the Foley Municipal Court.
 "The remaining charges against Casey of misdemeanor DUI, reckless driving, and driving with his license revoked were returned by indictment. Section 12-12-32, Ala. Code 1975 provides:
 "`The district court shall have exclusive original trial jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors, except:
"`. . . .
 "`(3) Any misdemeanor for which an indictment has been returned by a grand jury.'
However, § 12-12-51, Ala. Code 1975, states that `[t]he district court shall have exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions, except ordinance infractions prosecuted in municipal courts.' Driving under the influence is a traffic offense. Wright v. State, 494 So.2d 177 (Ala.Cr.App. 1986).
 "The conflict between § 12-12-32 and § 12-12-51
was resolved in Wright v. State, 494 So.2d 177
(Ala.Cr.App. 1986). In Wright this Court held:
 "`[T]he district court has exclusive jurisdiction of misdemeanor prosecutions for traffic infractions even where an indictment has been returned (except ordinance infractions prosecuted in municipal courts). For any misdemeanor prosecution by indictment, other than a traffic infraction, the district court has jurisdiction but does not have exclusive original jurisdiction.'
494 So.2d at 179. See also Eskridge v. State, 709 So.2d 1348
(Ala.Cr.App. 1997). Thus, in the case of misdemeanor traffic infractions, including DUI, charged by indictment, the district court has exclusive original jurisdiction.
"However, in the present case, Casey was not indicted only for misdemeanor traffic offenses. Casey was also indicted for a felony offense, which is within the jurisdiction of the circuit court. Casey's argument that the circuit court did not have jurisdiction ignores this fact. The misdemeanor offenses against Casey arose from the same incident as the felony DUI with which Casey was originally charged. Under §12-11-30, Ala. Code 1975:
 "`The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge. . . .'
"For example, in Crear v. State, 591 So.2d 530 (Ala.Cr.App. 1991), the defendant was indicted for felony possession of marijuana. However, when the State failed to prove a prior conviction, the circuit court granted the defendant's motion for a judgment of acquittal on felony possession and instructed the jury only on misdemeanor marijuana possession. On appeal, this Court held that the circuit court did not lose jurisdiction when it dismissed the felony charge. Crear v. State, 591 So.2d at 532.See also Ross v. State, 529 So.2d 1074, 1078 (Ala.Cr.App. 1988) (`the [subject matter] jurisdiction of the court, in felony cases, rests upon utilization of a grand jury indictment or information'); Coral v. State,551 So.2d 1181 (Ala.Cr.App. 1989) (circuit court acquires personal jurisdiction by indictment).
"A similar case is presented here. A grand jury returned an indictment *Page 409 
against Casey charging a felony DUI, thereby invoking the jurisdiction of the circuit court. The dismissal of the felony DUI against Casey before trial did not strip the circuit court of jurisdiction over the remaining misdemeanor charges. The circuit court had jurisdiction over the charges of DUI, reckless driving, and driving while his license was revoked."
As this court pointed out in Casey, the district court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions (except ordinance infractions prosecuted in municipal court), even in cases in which an indictment has been returned. For any misdemeanor prosecution by indictment, other than a traffic infraction, the district court has jurisdiction but does not have exclusive original jurisdiction. See Wright v. State, 494 So.2d 177 (Ala.Crim.App. 1986), superseded in part by statute, as recognized in McDuffie v. State,712 So.2d 1118 (Ala.Crim.App. 1997). However, as this court also noted inCasey, once the jurisdiction of the circuit court has been invoked by an indictment charging a felony DUI offense, see Ex parte Formby,750 So.2d 587 (Ala. 1999), the controlling statute is § 12-11-30(2), Ala. Code 1975, which provides:
 "The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge. . . ."
(Emphasis added.) "Original jurisdiction" is defined in Black'sLaw Dictionary (7th ed. 1999), as follows:
 "A court's power to hear and decide a matter before any other court can review the matter."
"Exclusive jurisdiction" is defined in Black's as follows:
 "A court's power to adjudicate an action or claim of actions to the exclusion of all other courts."
(Emphasis added.)
Under the plain language of § 12-11-30(2), as recognized in Casey, the circuit court has exclusive original jurisdiction over any misdemeanor charge that is a lesser included offense within a felony charge or that arises from the same incident as a felony charge. A fourth DUI offense, in the absence of proof of three previous DUI offenses, necessarily arises from the same incident as, and constitutes a lesser included offense of, the nol-prossed or dismissed felony DUI charge.[1]
Rule 2.2, Ala.R.Crim.P., appears to be consistent with this interpretation of the applicable statutes. Rule 2.2 provides, in pertinent part:
 "(a) Felonies. All felony charges and misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge shall be prosecuted in circuit court, except that the district court shall have concurrent jurisdiction to receive guilty pleas and to impose sentences in felony cases not punishable by sentence of death, including related and lesser included misdemeanor charges, and may hold preliminary hearings with respect to felony charges. *Page 410 
 "(b) Misdemeanors and Ordinance Violations. All misdemeanor offenses (including an indictment charging a traffic infraction) shall be prosecuted originally in district court or, where adopted as municipal ordinance violations, municipal court, except:
 "(1) Misdemeanors for which an indictment has been returned by a grand jury.
 "(2) Misdemeanors that are lesser included offenses within a felony charge as to which concurrent jurisdiction as described in Rule 2.2(a) has not been exercised.
 "(c) Transfer of Cases. Cases filed in a court that does not have original trial jurisdiction of the offense charged shall be transferred to the appropriate court as provided in Ala. Code 1975, § 12-11-9."
See also Dutton v. State, 807 So.2d 596
(Ala.Crim.App. 2001); McDuffie v. State, supra; Blevins v. State,747 So.2d 914 (Ala.Crim.App. 1998), overruled in part, Ex parte Parker,740 So.2d 432 (Ala. 1999).
I note that Rule 2.2(a) specifically states that the district court's jurisdiction extends to accepting guilty pleas and imposing sentences with regard to lesser included and related misdemeanor charges. However, § 12-12-32(b)(1), Ala. Code 1975, provides that "[t]he district court may exercise original jurisdiction concurrent with the circuit court to receive pleas of guilty in prosecutions of offenses defined by law asfelonies not punishable by sentence of death." (Emphasis added.) See also § 12-11-30(2). Rule 2.2(a) specifically states that "the district court shall have concurrent jurisdiction to receive guilty pleas and to impose sentences in felony cases not punishable by sentence of death, including related and lesser included misdemeanor charges. . . ." (Emphasis added.) I must assume that the Supreme Court concluded that Rule 2.2(a), insofar as it deals with a district court's jurisdiction to accept guilty pleas with respect to "related and lesser included misdemeanor charges," was promulgated in accordance with that Court's rule-making authority. See § 6.11, Amendment 328, Ala. Const of 1901. I make this observation because under the plain language of Rule 2.2(a), the district court in this case had jurisdiction to accept a guilty plea and to impose sentence on the related misdemeanor charge.
Furthermore, State v. Thrasher 783 So.2d 100 (Ala.Crim.App. 1999), aff'd in part, rev'd on other grounds, 783 So.2d 103 (Ala. 2000), which is not mentioned in the court's opinion, is directly contrary to the court's holding today. The court in Thrasher, relying on Ex parteFormby, supra, held that the circuit court had erred in transferring Thrasher's case to the municipal court after the circuit court had found "that the two prior uncounseled convictions [could not] be used by the State to enhance the possible sentence in [the] felony DUI." Although I do not find Ex parte Formby to be conclusive with respect to the issue presently before this court, as the State suggests,[2] the court's decision in Thrasher should be considered overruled by implication by the court's holding today.
Moreover, my views in this respect are entirely consistent with most of what this court said in State v. Shaver, [Ms. CR-98-1332, October 29, 1999] ___ So.2d ___ (Ala.Crim.App. 1999), on which the court *Page 411 
bases its opinion. The Shaver court did suggest that it might be appropriate for the circuit court to transfer a case to the district court for trial of lesser included or related misdemeanor charges. See ___ So.2d at ___ n. 5, citing Wright v. State, supra. However, I believe the court may have made this suggestion unwittingly — the opinion inShaver was released on the same day as the opinion in Thrasher, in which the court held that the circuit court, having initially assumed jurisdiction of the felony DUI charge, had to dispose of the related misdemeanor charges. After carefully reviewing the Shaver opinion, I think the court primarily intended to provide only a brief history of the procedures that were being used in the municipal, district, and circuit courts as an aside to the reader in understanding the issue that was actually before the court — whether the circuit court had jurisdiction over the felony DUI charge. I do not believe the court necessarily intended to sanction all of those varied procedures. Unfortunately, the Shaver dicta forms the foundation here for the court's answer to the question certified for review by the district court.
For the foregoing reasons, I would hold that a district court has jurisdiction to receive guilty pleas on lesser included misdemeanor charges and misdemeanor charges that relate to the felony charge and to impose sentence. If Davis had wished to go to trial on the misdemeanor charge, the case should have been transferred back to the circuit court. However, Davis entered a guilty plea in the district court and, as I noted above, the district court did, in my view, have concurrent jurisdiction with the circuit court to receive a guilty plea on the remaining misdemeanor charge and to sentence accordingly. For the foregoing reasons, I agree that the district court's order denying Davis's motion to dismiss is due to be affirmed. Therefore, I concur in the result.
[1] I note that this court, in Ex parte City of Tuscaloosa, 636 So.2d 692
(Ala.Crim.App. 1993), held that the "same incident" language of §12-11-30(2) should be construed to mean the "same act." To my knowledge, the Supreme Court has not approved this construction. See Exparte Russell, 643 So.2d 963 (Ala. 1994). In any event, it would appear that a fourth DUI offense, in the absence of proof of three previous DUI offenses, necessarily arises from the same act that gave rise to the felony DUI charge.
[2] The present jurisdictional issue was not squarely before the Supreme Court in Ex parte Formby. Therefore, we should exercise caution lest we read too much into that Court's singular statement: "Prosecutions for felony DUI offenses should have been, and should continue to be, in the circuit court." 750 So.2d at 591. *Page 412