992 So.2d 793 (2008)
STATE of Alabama
v.
Clifford McGEE.
CR-06-1651.
Court of Criminal Appeals of Alabama.
April 4, 2008.
Troy King, atty. gen., and Stephen N. Dodd, asst. atty. gen., for appellant.
*794 Charles W. Barfoot, Montgomery, for appellee.
PER CURIAM.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
McMILLAN, SHAW, and WELCH, JJ., concur.
BASCHAB, P.J. dissents, with opinion.
WISE, J., dissents.
BASCHAB, Presiding Judge, dissenting.
The appellee, Clifford McGee, was indicted for felony driving under the influence ("DUI"), use/possession of drug paraphernalia, and resisting arrest based on conduct that occurred on November 24, 2006. Relying on § 32-5A-191(o), Ala. Code 1975, he moved to dismiss the felony DUI charge because his previous DUI convictions were more than five years old. After hearing arguments from both parties, the circuit court dismissed the felony DUI charge against the appellee. This appeal by the State followed.
The State argues that the circuit court erred in dismissing the DUI portion of the indictment against the appellee. The indictment alleged, in pertinent part, that the appellee
"did drive or was in actual physical control of a vehicle while there was .08 percent or more by weight of alcohol in his blood, or while he was under the influence of alcohol, or while he was under the influence of a controlled substance to a degree which rendered him incapable of safely driving, or while he was under the combined influence of alcohol and a controlled substance to a degree which rendered him incapable of safely driving, or while he was under the influence of any substance which impaired his mental or physical faculties to a degree which rendered him incapable of safely driving, in violation of section 32-5A-191(A) & (H) of the Code of Alabama, against the peace and dignity of the State of Alabama."
(C.R. 6.) Thus, he was charged with felony DUI pursuant to § 32-5A-191(a) and (h), Ala.Code 1975. Section 32-5A-191(a), Ala.Code 1975, provides, in pertinent part:
"A person shall not drive or be in actual physical control of any vehicle while:
"(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
"(2) Under the influence of alcohol;
"(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
"(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
"(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving."
Section 32-5A-191(h), Ala.Code 1975, provides, in pertinent part:
"On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years."
In Ex parte Parker, 740 So.2d 432, 433 (Ala.1999), the Alabama Supreme Court addressed
"the issue whether § 32-5A-191(h) states a substantive offense, of which the three prior convictions referred to in *795 that subsection are elements, or whether the prior offenses referred to in that subsection are properly to be considered only for the purposes of determining whether upon conviction a defendant shall receive an enhanced sentence."
The court concluded as follows:
"Section 32-5A-191, plainly read, compels the conclusion that the provisions of the present subsection (h) were intended to declare certain DUI convictions to be felony convictions and to prescribe punishment, rather than to define the substantive elements of a separate offense. Furthermore, the substantive elements of the offense dealt with by § 32-5A-191 are set out in subsection (a)....
"....
"... Subsection (h), while increasing the severity of the punishment, does not alter the substantive offense set out in subsection (a).
"... [T]he legislative intent as we perceive that intent to be, supports our interpretation of subsection (h) as providing for sentence enhancement, rather than as stating the elements of an offense. The title to Act No. 94-590, Ala. Acts 1994, the act that added the former subsection (f) that is now (h), indicates clearly that the legislature intended, by adopting that subsection, to create an enhancement provision and not to create a separate substantive offense."
740 So.2d at 434-35.
In Ex parte Formby, 750 So.2d 587, 590-91 (Ala.1999), the Alabama Supreme Court clarified its holding in Parker, stating:
"The import of that holding is that during the guilt phase of a defendant's DUI trial the jury should not be presented with evidence of the defendant's prior DUI convictions. In so holding, we sought to prevent prejudicial information of a defendant's prior convictions from tainting the jury's determination of guilt in regard to the instant offense. Of course, due-process protections also require that the defendant be on notice of the charges against him, so the indictment should put him on notice that he is being charged with a violation of § 32-5A-191(a)(2), made a felony by § 32-5A-191(h).
"....
"... [T]he Legislature's enactment of § 32-5A-191(h) made jurisdiction over a fourth or subsequent DUI charge appropriate in the circuit court, because the offense chargeda fourth or subsequent DUI offenseis a felony. This Court's decision in Parker had no impact on that jurisdictional issue. Prosecutions for felony DUI offenses should have been, and should continue to be, in the circuit court.
"....
"We reiterate that Parker stands for the proposition that a conviction for a fourth or subsequent DUI is a felony conviction. Further, as we held in Parker, it is reversible error for a jury, during the guilt phase of a trial, to be presented with evidence of the defendant's prior DUI convictions. The prior convictions are not to be considered until after the jury has passed on the question of the defendant's guilt."
(Footnote omitted.)
Finally, in Altherr v. State, 911 So.2d 1105, 1108-14 (Ala.Crim.App.2004), we stated:
"[B]ased on the Alabama Supreme Court's recent decision in Ex parte Bertram, 884 So.2d 889 (Ala.2003), we find that the trial court improperly found four prior DUI convictions applicable for sentence enhancement pursuant to § 32-5A-191(h), Ala.Code 1975....

*796 "....
"In our now withdrawn original opinion in this case, we attempted to follow Bertram by reversing Altherr's conviction for felony DUI and remanding the case for the circuit court to enter judgment against Altherr for the lesser punishment under § 32-5A-191(g), Ala. Code 1975, using the two remaining valid prior DUI convictions. However, the State argued on rehearing that because § 32-5A-191(h), Ala.Code 1975, is a sentence enhancement, Altherr's conviction under § 32-5A-191(a), Ala.Code 1975, is not reversed, but rather this cause should be remanded to the trial court for a new sentencing hearing at which the State should be allowed the opportunity to prove additional Alabama DUI convictions on Altherr's record. In support of this contention, the State argues that the enhancement of the sentence following a DUI conviction is no different from that of an enhancement of a sentence after felony convictions under the Habitual Felony Offender Act (`HFOA'). The State contends that the instant situation is no different from that in Connolly v. State, 602 So.2d 452 (Ala.1992), in which the Alabama Supreme Court, discussing the HFOA, held:
"`[T]he State's failure to offer certain felonies as the basis for HFOA sentence enhancement does not prevent the State's offer of those felonies at any subsequent sentencing hearing. Where the State, between sentencing hearings, learns of previous felony convictions, it is under a duty to attempt to prove them at the subsequent sentencing hearing.'
"Connolly v. State, 602 So.2d at 455. (Emphasis added.)
"....
"[W]e now turn to the question raised on rehearing by the State in the instant case: May the State prove prior DUI convictions at a subsequent sentencing hearing as allowed under the HFOA. We answer affirmatively.
"Based on the cases discussed above, we see no reason to distinguish sentence enhancement under the HFOA from sentence enhancement under the DUI law. Both are used strictly for sentence enhancement and have no effect on the underlying substantive offense: both carry notice requirements that may be waived; and neither requires inclusion in the indictment.
"Therefore, because § 32-5A-191(h) is a sentence enhancement similar in purpose and character to sentence enhancements under the HFOA, we see no reason to treat them differently from the sentence enhancements applied under the HFOA.
"Thus, for the reasons stated above, Altherr's conviction for felony DUI is reversed and this cause is remanded to the circuit court with instructions to conduct a second sentencing hearing, where the state can `attempt to prove all previous [Alabama DUI] convictions [of which] the State is aware.' Connolly v. State, 602 So.2d at 455. However, as with the HFOA, `to enhance a defendant's sentence ... the State must give proper notice of its intent to do so.' Connolly v. State, 602 So.2d at 455."
(Footnotes omitted.)
With regard to pretrial dismissal of an indictment, Rule 13.5(c)(1), Ala. R.Crim. P., provides:
"A motion to dismiss the indictment may be based upon objections to the venire, the lack of legal qualifications of an individual grand juror, the legal insufficiency of the indictment, or the failure of the indictment to charge an offense."
*797 Based on the Alabama Supreme Court's decisions in Parker and Formby, a defendant's prior DUI convictions are not elements of the offense of felony DUI that the State must prove. Rather, the State must prove them at sentencing for the purpose of enhancing a defendant's sentence. Also, based on our decision in Altherr, the State may attempt to prove any and all prior DUI convictions of which it is aware during sentencing following a DUI conviction. A dismissal of a felony DUI indictment before the State has an opportunity to present its evidence regarding any prior DUI convictions would be premature because the State could possibly find additional DUI convictions that could be used to enhance a defendant's sentence. Therefore, an apparent lack of evidence as to prior DUI convictions is not an appropriate ground for the pretrial dismissal of a felony DUI indictment. Compare State v. Foster, 935 So.2d 1216 (Ala.Crim.App. 2005) (holding that a possible lack of evidence is not an appropriate ground for pretrial dismissal of an indictment); State v. McClain, 911 So.2d 54 (Ala.Crim.App. 2005) (holding that a lack of evidence is not a viable basis for a pretrial dismissal of an indictment); State v. Edwards, 590 So.2d 379, 380 (Ala.Crim.App.1991) (reversing the pretrial dismissal of the indictment and holding that "[e]stablishing the corpus delicti requires proof of facts by the state so entwined with the merits of the case that a decision as to whether it had been proved should not be made prior to trial but should be postponed until trial").
The majority concludes that this issue is not properly before this court because the State did not argue this specific ground below. A lower court has the authority, in limited circumstances, to dismiss an indictment pretrial. However, by making a finding of fact at the pretrial stage and reaching an issue that was not yet properly before it procedurally, the circuit court in this case exceeded its authority. When a lower court exceeds its proper judicial function, as the circuit court did in this case, this court must take notice of the error.
Moreover, the State made the circuit court aware of its opposition to the dismissal of the indictment on the grounds urged by the appellee. In light of the State's limited right to appeal, that opposition to the dismissal of the indictment was sufficient notice to the circuit court and gave that court an opportunity to correct its error.
The circuit court erred in granting a pretrial dismissal of the felony DUI indictment against the appellee on the ground that his prior DUI convictions were more than five years old. Accordingly, I respectfully dissent.