STUART, Justice.
William Lyle Marshall was indicted by the Baldwin County grand jury on February 13, 2007, and charged in a one-count indictment with the offense of driving un *1191 der the influence (“DUI”)- The indictment reads:
“William Lyle Marshall, whose name is otherwise unknown to the Grand Jury other than as stated, did drive or be in actual physical control of a vehicle while, (1) there was 0.08 percent or more by weight of alcohol in his blood; or (2) under the influence of alcohol[;] or (3) under the influence of a controlled substance to a degree which rendered him incapable of safely driving; or (4) under the combined influence of alcohol and a controlled substance to a degree which rendered him incapable of safely driving; in violation of § 32-5A-191(a) of the Code of Alabama and § 32-5A-191(h) of the Code of Alabama, in that he has been convicted of three or more offenses of driving under the influence.”
Marshall pleaded guilty in the circuit court to DUI. The State offered evidence that Marshall previously had been convicted for DUI in August 1998, in February 2004, and in February 2005. Marshall objected to the use of the 1998 DUI conviction to enhance his sentence on the basis that that conviction was more than five years old at the time of his current DUI conviction. § 32-5A-191(o), Ala.Code 1975. The circuit court overruled Marshall’s objection, applied the three previous DUI convictions to enhance Marshall’s sentence, and sentenced Marshall to five years in prison and ordered him to pay a fine of $4,100. He reserved the right to appeal the issue whether prior convictions obtained more than five years before the current DUI conviction could be used to enhance the sentence for his current DUI conviction.
Before the Court of Criminal Appeals, Marshall argued that the circuit court erred in using the 1998 DUI conviction to enhance his current conviction. The State conceded in its brief to that court that because the 1998 DUI conviction occurred more than five years before the current DUI conviction, the 1998 conviction should not have been used to enhance Marshall’s sentence. See § 32-5A-191(o), Ala.Code 1975. The Court of Criminal Appeals affirmed Marshall’s conviction and remanded the case to the Baldwin Circuit Court for that court to resentence Marshall. Marshall v. State, 25 So.3d 1183 (Ala.Crim.App.2008).
Marshall then petitioned this Court for a writ of certiorari to determine whether a circuit court has jurisdiction over a DUI case when the State fails to establish the necessary prior DUI convictions to enhance the defendant’s sentence to make the offense punishable as a felony. We issued the writ, and we hold that it does.
In Ex parte Seymour, 946 So.2d 536 (Ala.2006), this Court recognized that we must look to Alabama law to determine whether a court has jurisdiction to adjudicate an offense. The Alabama Constitution provides that a circuit court “shall exercise general jurisdiction in all cases except as may otherwise be provided by law.” § 142, Ala. Const. 1901 (Off.Recomp.) (added by Amend, no. 328, § 6.04(b), Ala. Const.1901). Additionally,
“[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge; except, that the district court shall have concurrent jurisdiction with the circuit court to receive pleas of guilty in felony cases not punishable by sentence of death.”
§ 12-11-30(2), Ala.Code 1975 (emphasis added). See also Rule 2.2(a), Ala. R.Crim. P. Section 12-12-51, Ala.Code 1975, provides that “[t]he district court shall have exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions, *1192 except ordinance infractions in municipal courts.” Section 12-12-50, Ala.Code 1975, defines a “traffic infraction” as “any violation of a statute, ordinance or regulation relating to the operation or use of motor or other vehicles or the use of streets and highways by pedestrians.”
The statute defining the offense of driving under the influence of alcohol is § 32-5A-191, Ala.Code 1975, which provides, in pertinent part:
“(a) A person shall not drive or be in actual physical control of any vehicle while:
“(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
“(2) Under the influence of alcohol;
“(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
“(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
“(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving.
[[Image here]]
“(e) Upon first conviction, a person violating this section shall be punished by imprisonment in the county jail or municipal jail for not more than one year, or by fine of not less than six hundred dollars ($600) nor more than two thousand one hundred dollars ($2,100), or by both a fine and imprisonment. ...
“(f) On a second conviction within a five-year period, a person convicted of violating this section shall be punished by a fine of not less than one thousand one hundred dollars ($1,100) nor more than five thousand one hundred dollars ($5,100) and by imprisonment, which may include hard labor in the county or municipal jail for not more than one year....
“(g) On a third conviction, a person convicted of violating this section shall be punished by a fine of not less than two thousand one hundred dollars ($2,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment, which may include hard labor, in the county or municipal jail for not less than 60 days nor more than one year, to include a minimum of 60 days which shall be served in the county or municipal jail and cannot be probated or suspended....
“(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years....
[[Image here]]
“ip) A prior conviction within a five-year period for driving under the influence of alcohol or drugs from this state, a municipality within this state, or another state or territory or a municipality of another state or territory shall be considered by a court for imposing a sentence pursuant to this section....” [1]
(Emphasis added.)
In Ex parte Parker, 740 So.2d 432, 434 (Ala.1999), this Court considered
*1193 “whether § 32-5A-191(h) states a substantive offense, of which the three prior convictions referred to in the subsection are elements, or whether the prior offenses referred to in that subsection are properly to be considered only for the purposes of determining whether upon conviction a defendant shall receive an enhanced sentence.”
740 So.2d at 433. We held:
“Section 32-5A-191, plainly read, compels the conclusion that the provisions of the present subsection (h) were intended to declare certain DUI convictions to be felony convictions and to prescribe punishment, rather than to define the substantive elements of a separate offense. Furthermore, the substantive elements of the offense dealt with by § 32-5A-191 are set out in subsection (a)....
[[Image here]]
“The fundamental difference between subsection (h) and subsections (e), (f), and (g) is that subsection (h) makes the fourth conviction punishable as a felony....”
740 So.2d at 434-35.
In Ex parte Formby, 750 So.2d 587 (Ala.1999), another case in which this Court analyzed § 32-5A-191, Ala.Code 1975, we clarified our holding in Parker in response to the State’s application for rehearing, stating:
“The State’s first issue presented in its rehearing application, the answer to which is dispositive is:
“ ‘Does the [Ex parte] Parker [, 740 So.2d 432 (Ala.1999),] decision render Formby ⅛ conviction, and the convictions of all others similarly situated, void for lack of jurisdiction because they are based on indictments which originated in the Circuit Court when the District Court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions?’
[[Image here]]
“... Parker held that a fourth or subsequent DUI conviction is a felony conviction, rather than a misdemeanor conviction. Parker, thus, is consistent not only with the plain language of § 32-5A-191(h) but also rvith the general definition of felony’ found in Title ISA, the Criminal Code, which defines a felony’ as fa]n offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title.’ § 13A-1-2U).
“Having explained that Parker does not stand for the proposition that ‘felony DUI’ convictions are really misdemean- or convictions, we now discuss our understanding of the effect of that conclusion. We held in Parker:
“ ‘[W]e are not persuaded by the State’s contention that the phrase “a person [convicted a fourth time] shall be guilty of a Class C felony and punished” evidences a legislative intent to establish a substantive offense in subsection (h). Contrary to the State’s argument, the legislative intent as we perceive that intent to be, sttpports our interpretation of subsection (h) as providing for sentence enhancement, rather than as stating the elements of an offense.’
“Parker, 740 So.2d at 435 (emphasis omitted; new emphasis added). The import of that holding is that during the guilt phase of a defendant’s DUI trial the jury should not be presented with evidence of the defendant’s prior DUI convictions. In so holding, we sought to prevent prejudicial information of a defendant’s prior convictions from tainting *1194 the jury’s determination of guilt in regard to the instant offense. Of course, due-process protections also require that the defendant be on notice of the charges against him, so the indictment should put him on notice that he is being charged with a violation of § 32-5A-191(a)(2), made a felony by § 32-5A-191(h).”
750 So.2d at 589-90 (first emphasis, other than on first appearance of the word “felony,” added).
Whether the DUI offense is a misdemeanor prosecution, the jurisdiction for which x-ests in the municipal or district court, or a felony prosecution, the jurisdiction for which rests in the circuit court, depends on whether the jurisdiction of the circuit court is invoked by the defendant’s being charged in an indictment with the offense of DUI and with having three or more previous DUI convictions — a violation of § 32-5A-191(h), Ala.Code 1975. As we stated in Forrnby:
“We reiterate that Parker stands for the proposition that a conviction for a fourth or subsequent DUI is a felony conviction.... The prior convictions are not to be considered until after the jury has passed on the question of the defendant’s guilt.”
750 So.2d at 591 (emphasis added). Thus, applying our interpretation of § 32-5A-191(h), Ala.Code 1975, in Parker and Forrnby and our holding in Seymour, we hold that if a defendant is charged in an indictment with the offense of DUI and with having three prior DUI convictions (i.e., with violating § 32-5A-191(h), Ala. Code 1975), then the DUI offense charged is a felony prosecution and the jurisdiction of the circuit coux-t is invoked. § 12-11-30(2), Ala.Code 1975. See Pruitt v. State, 897 So.2d 406 (Ala.2004) (in which this Court implicitly held that the circuit court had jurisdiction to adjudicate the case even though the State elected to proceed under the count charging a violation of § 32-5A-191(a), Ala.Code 1975, instead of the count charging a violation of § 32-5A-191(h), Ala.Code 1975); Davis v. State, 806 So.2d 404 (Ala.Crim.App.2001); and Casey v. State, 740 So.2d 1136 (Ala.Crim.App.1998).
Today, we ai-e presented with the question of first impression for this Court: If during the sentencing phase of a felony DUI prosecution, the State fails to establish one of the three prior DUI convictions necessary to make the cmrent DUI conviction punishable as a felony, does that failure divest the circuit court of jurisdiction to sentence the defendant? We hold that the fact that the State fails to prove that the current DUI conviction is punishable as a felony, i.e., that the defendant has had three prior DUI convictions within five years of the current DUI conviction, does not divest the circuit court of jurisdiction to sentence the defendant for the misdemeanor offense of DUI. Indeed, when a case properly originates in the circuit court, it remains in the circuit coux-t.
“ ‘ “[T]he jurisdiction of a court depends on the state of the facts existing at the time it is invoked, and once jurisdiction of the person and subject matter attaches it continues until final disposition or determination of the case.” 22 C.J.S. Criminal Law § 222 (2006) (citations omitted).’ State v. Tomaskie, 337 Mont. 130, 136, 157 P.3d 691, 694 (2007).”
Marshall v. State, 25 So.3d at 1189 (Baschab, P.J., concurring in the result). Whether after a defendant with three pri- or DUI convictions is convicted of a fourth DUI (making the offense punishable as a felony) the State can establish that the conviction is punishable as a felony is a matter of proof and does not impact the circuit court’s subject-matter jurisdiction over the case. Davis, supra; Casey, supra.
*1195 In this case, the indictment charged Marshall with the offense of DUI and with having three prior DUI convictions. This indictment set forth a felony prosecution, invoking the circuit court’s jurisdiction, see Formby and § 12-11-30(2), Ala.Code 1975. Although in the sentencing phase the State failed to prove one of the three prior DUI convictions that were used to enhance the current DUI conviction to make Marshall’s conviction punishable as a felony, the circuit court has jurisdiction to sentence Marshall. See Altherr v. State, 911 So.2d 1105, 1113 (Ala.Crim.App.2004) (“[I]f a cause is properly before the circuit court, a finding of guilt pursuant to § 32-5A-191(a), Ala.Code 1975, may be followed by sentence enhancements under §§ 32-5A-191(f), (g), or (h), Ala.Code 1975.” (footnote omitted)). Therefore, the Court of Criminal Appeals was correct in holding that the circuit court retains jurisdiction to resen-tence Marshall, and its judgment remanding the case to that court for resentencing is affirmed.
AFFIRMED.
COBB, C.J., and WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., concurs in the result.
LYONS, J., dissents.
SHAW, J., recuses himself.*

. Section 32-5A-191 was amended effective April 28, 2006. The 2006 amendment, among other things, added subsection (o) and redes- *1193 ignated what was subsection (o) as subsection (p).