Terry Lee Pruitt was sentenced as a felon for driving under the influence. The Court of Criminal Appeals reversed his conviction and remanded the case to the trial court with directions to adjudge him guilty of a misdemeanor offense and to resentence Pruitt accordingly. Pruitt v. State, 897 So.2d 402
(Ala.Crim.App. 2003). The State filed a petition for a writ of certiorari, which this Court granted. We reverse and remand.
 I. Facts and Procedural History
On March 12, 2002, Pruitt was indicted for two counts of driving under the influence ("DUI"). Count one of the indictment charged Pruitt with the offense of "unlawfully operat[ing] a motor vehicle on a public street or road in Sumter County, to-wit: County Road 13 while under the influence of alcohol and having been convicted of three prior offenses of driving under the influence, in violation of [§] 32-5A-191(a)(2) of the Code of Alabama." The second count of the indictment charged Pruitt with the offense of having "unlawfully operate [d] a motor vehicle on a public street or road in Sumter County, to-wit: County Road 13 while there was 0.08% or more of alcohol by weight in his blood, in violation of [§] 32-5A-191(a)(1) of the Code of Alabama."
During Pruitt's jury trial, the prosecutor stated that he was "electing to proceed under the .08 charge that [Pruitt] was charged with in the alternative." The jury convicted Pruitt of DUI as charged in count two of the indictment, and the trial court sentenced him as a felon to one year and a day based upon his three prior DUI convictions. The sentence was subject to suspension after Pruitt served 90 days in jail. Pruitt was also ordered to attend a class for DUI offenders and to bear the costs of the class and the court costs.
Pruitt appealed his conviction to the Court of Criminal Appeals. The Court of Criminal Appeals held that because count two of the indictment contained no reference to § 32-5A-191(h), Ala. Code 1975, which makes a fourth or subsequent conviction for DUI a felony and because Pruitt was not on notice that he was being charged with a felony, the trial court could not have convicted him of felony DUI. Thus, the Court of Criminal Appeals remanded *Page 408 
the case for the trial court to vacate Pruitt's conviction for felony DUI and to adjudge him guilty of a misdemeanor DUI in accordance with count two of the indictment. This Court granted the State's petition for the writ of certiorari.
 II. Analysis A. Whether a Violation of § 32-5A-191(h) Must Be Specifically Alleged in the Indictment
The Court of Criminal Appeals held that the trial court could not charge Pruitt with felony DUI because count two of the indictment, the count on which the State elected to proceed, did not refer to § 32-5A-191(h), Ala. Code 1975. The State argues that § 32-5A-191(h), Ala. Code 1975, serves as a sentence enhancement for certain DUI convictions, thereby allowing a misdemeanor DUI to be enhanced to a felony offense on the fourth or subsequent conviction for DUI. The State, citing Hale v. State,848 So.2d 224, 233 (Ala. 2002), argues that because the statute acts as a sentence enhancement rather than to define substantive elements of a separate offense, the failure to reference § 32-5A-191(h) in the indictment does not deprive the trial court of jurisdiction to impose the enhancement portion of the sentence.
Section 32-5A-191(h), Ala. Code 1975, provides in pertinent part that "[o]n a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by [a fine and a sentence within certain ranges]." As this Court previously held in Ex parte Parker, 740 So.2d 432,434 (Ala. 1999), "[s]ection 32-5A-191(h), plainly read, compels the conclusion that the provisions of the present subsection (h) were intended to declare certain DUI convictions to be felony convictions and to prescribe punishment, rather than to define the substantive elements of the offense. . . . [T]he substantive elements of the offense dealt with by § 32-5A-191 are set out in subsection (a)." It is important to note that § 32-5A-191(h) is not a "sentence enhancement" as the term is used in the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975.[1] Because subsection (h) merely prescribes punishment for someone convicted under subsection (a), "the absence of [a reference to § 32-5A-191(h)] from the indictment does not deprive the trial court of jurisdiction to impose the [felony sentence]." Hale v.State, supra; see also Ex parte Porter, 850 So.2d 315, 316
(Ala. 2002).
Furthermore, the absence of a reference to § 32-5A-191(h) in the indictment does not conflict with this Court's holding in Exparte Formby, 750 So.2d 587, 590 (Ala. 1999), in which we held that the indictment should put the defendant on notice of the charges against him. The indictment gave Pruitt appropriate notice that he was being charged with a violation of § 32-5A-191(a)(1).
 B. Whether Pruitt Had Sufficient Notice That He Was Being Charged with a Felony
The Court of Criminal Appeals held that the trial court could not charge Pruitt with felony DUI because Pruitt was not on notice that he was being charged with a felony. The State argues that Pruitt waived his right to object to the application of the enhancement statute to his case because he did not object at trial. *Page 409 
Pruitt, in response, argues that there was no need for him to object based on caselaw at the time of the trial and on his belief that the State was seeking to convict him of DUI, a misdemeanor, as defined in count two of the indictment. Pruitt further argues that, even if he did waive his right to object, the State's omission of a reference to the enhancement statute from the indictment was a jurisdictional defect, which a court can address regardless of whether a party has raised the issue before the trial court. In Part II.A., above, we rejected Pruitt's contention that the failure to refer in the indictment to the sentence-enhancement statute was a jurisdictional defect.
A review of the record reflects that the State admitted into evidence during the course of the trial Pruitt's three prior convictions and that Pruitt, as he admits in his brief to this Court, did not object to the admission of that evidence. Because Pruitt did not argue before the trial court at any time that the application of § 32-5A-191(h), providing that "[o]n a fourth or subsequent conviction, a person convicted of violating thissection shall be guilty of a Class C felony" (emphasis added), violated his due-process rights, he has waived appellate review of this argument. See Hale v. State, 848 So.2d 224, 233 (Ala. 2002).
 III. Conclusion
For the reasons stated above, we reverse the judgment of the Court of Criminal Appeals and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] Section 32-5A-191(h), Ala. Code 1975, states, in pertinent part:
 "Any law to the contrary notwithstanding, the Alabama habitual felony offender law shall not apply to a conviction of a felony pursuant to this subsection, and a conviction of a felony pursuant to this subsection shall not be a felony conviction for purposes of the enhancement of punishment pursuant to Alabama's habitual felony offender law."