On Application for Rehearing
The opinion of January 30, 2004, is withdrawn and the following opinion is substituted therefor. We are taking the opportunity in this substituted opinion to address the State's assertion in its application *Page 1107 
for rehearing that John Anthony Altherr's conviction for felony driving under the influence ("DUI") need not be reversed and that Altherr is entitled only to a new sentencing hearing.
John Anthony Altherr was convicted of driving under the influence of alcohol after having been previously convicted of three or more DUI offenses, violations of § 32-5A-191(a), Ala. Code 1975, and 32-5A-191(h), Ala. Code 1975. He was also convicted of unlawfully possessing prohibited liquor, a violation of § 28-4-20, Ala. Code 1975. Altherr was sentenced to 6 years' imprisonment for the DUI conviction and to 12 months in jail for the conviction for violating the prohibition law. The trial court ordered that the sentences were to run concurrently. This appeal followed.
Altherr contends that he received ineffective assistance of trial counsel because counsel failed to object to an officer's testimony concerning the horizontal gaze nystagmus ("HGN") field-sobriety test when the State failed to lay the proper predicate for the admission of the officer's testimony. Altherr did not present his ineffective-assistance-of-counsel claim to the trial court. "Such claims cannot be presented on direct appeal where they were not first presented to the trial court."Willingham v. State, 796 So.2d 440, 445 (Ala.Crim.App. 2001).
 "`"[A]n ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R.Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal."' [Montgomery v. State, 781 So.2d 1007,] at 1010 [(Ala.Crim.App. 2000)](quoting Ex parte Ingram, 675 So.2d 863, 865 (Ala. 1996))."
Id.
Because Altherr did not present his claim in a motion for a new trial, it was not preserved for appellate review.
Even if Altherr had preserved his claim for review, however, he would not be entitled to any relief. To prevail on an ineffective-assistance-of-counsel claim, Altherr must satisfy the two-pronged test set forth in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Altherr must show that counsel's performance was deficient and that that deficient performance so prejudiced him that he was deprived of a fair trial. Id.
Without finding that counsel's performance was deficient, we find that Altherr has not shown that he has suffered prejudice. Any evidence regarding the HGN test was harmless. In Cumbie v.City of Montgomery, 703 So.2d 423 (Ala.Crim.App. 1997), this Court, in applying a harmless-error analysis, held that because the evidence of the defendant's intoxication was overwhelming, even without the evidence provided by the HGN test, any error in the admission of the results of the HGN test was harmless. Here, even without the evidence provided by the HGN test, the evidence of intoxication was overwhelming. Altherr was driving in an erratic manner, running off the right side of the road and crossing over the center line until finally pulling back into his traffic lane. When Altherr got out of his vehicle, he was unsteady on his feet. Altherr smelled of alcohol. Altherr could barely stand when he was asked to perform a series of field-sobriety tests. When the officer asked him to perform the "walk-and-turn test," Altherr declined to do so. The officer testified that Altherr's eyes were red and that his pupils were constricted. After placing Altherr under arrest, the officer found in Altherr's vehicle four unopened 12-ounce cans of beer and one opened can about three-fourths full. Moreover, Altherr refused to take a *Page 1108 
breathalyzer test. In addition, as was the case in Cumbie, the HGN evidence was not presented as scientific evidence, was not accorded undue weight, was part of several field-sobriety tests performed by the officer, and was treated as one of many pieces of evidence. Thus, Altherr has not proven that the outcome of his trial would have been different but for his counsel's allegedly deficient performance. Accordingly, even if Altherr had preserved his claim for appellate review, we would find it to be without merit.
However, based on the Alabama Supreme Court's recent decision in Ex parte Bertram, 884 So.2d 889 (Ala. 2003), we find that the trial court improperly found four prior DUI convictions applicable for sentence enhancement pursuant to § 32-5A-191(h), Ala. Code 1975.[1] In Ex parte Bertram, the Court held that a prior conviction in Florida for driving under the influence of alcohol was not a "conviction" within the meaning of the Alabama statute prohibiting driving while under the influence of alcohol; therefore, the out-of-state conviction could not be used as a prior conviction in a prosecution for felony driving under the influence of alcohol, a violation of § 32-5A-191(h), Ala. Code 1975.
In the instant case, the State proved four prior convictions for driving under the influence of alcohol. Two of those convictions were in Georgia, and according to the Alabama Supreme Court in Ex parte Bertram, should not have been used toward the total number of convictions necessary to elevate Altherr's conviction for DUI under § 32-5A-191(a), Ala. Code 1975, to a felony offense pursuant to § 32-5A-191(h), Ala. Code 1975. The Alabama Supreme Court in Bertram, having found that the trial court erred in counting the number of convictions necessary to constitute the subsection (h) felony, also found that the trial court "erred in convicting the defendant on that basis."Bertram, 884 So.2d at 892 (emphasis added). The Alabama Supreme Court reversed Bertram's conviction for felony driving under theinfluence and remanded the case "for proceedings not inconsistent with *Page 1109 
[its] opinion." Bertram, 884 So.2d at 892. "[P]roceedings not inconsistent with [its] opinion" appeared to this Court, and to the four Justices dissenting in Bertram, to mean that the conviction for felony DUI was reversed and the case be remanded for the circuit court to enter judgment against Bertram for a lesser-included offense. We note that § 32-5A-191(g), Ala. Code 1975, provides for the sentence enhancement following a defendant's third DUI conviction in violation of § 32-5A-191(a), Ala. Code 1975, and that § 32-5A-191(f), Ala. Code 1975, provides for the sentence enhancement following a defendant's second DUI conviction in violation of § 32-5A-191(a), Ala. Code 1975. These offenses are defined as a misdemeanors.
In our now withdrawn original opinion in this case, we attempted to follow Bertram by reversing Altherr's conviction for felony DUI and remanding the case for the circuit court to enter judgment against Altherr for the lesser punishment under §32-5A-191(g), Ala. Code 1975, using the two remaining valid prior DUI convictions. However, the State argued on rehearing that because § 32-5A-191(h), Ala. Code 1975, is a sentence enhancement, Altherr's conviction under § 32-5A-191(a), Ala. Code 1975, isnot reversed, but rather this cause should be remanded to the trial court for a new sentencing hearing at which the State should be allowed the opportunity to prove additional Alabama DUI convictions on Altherr's record. In support of this contention, the State argues that the enhancement of the sentence following a DUI conviction is no different from that of an enhancement of a sentence after felony convictions under the Habitual Felony Offender Act ("HFOA").[2] The State contends that the instant situation is no different from that in Connolly v.State, 602 So.2d 452 (Ala. 1992), in which the Alabama Supreme Court, discussing the HFOA, held:
 "[T]he State's failure to offer certain felonies as the basis for HFOA sentence enhancement does not prevent the State's offer of those felonies at any subsequent sentencing hearing. Where the State, between sentencing hearings, learns of previous felony convictions, it is under a duty to attempt to prove them at the subsequent sentencing hearing."
Connolly v. State, 602 So.2d at 455. (Emphasis added.)
The Alabama Supreme Court's recent opinion, Pruitt v. State,897 So.2d 406 (Ala. 2004), requires this Court to reconsider the assumption it made about Bertram and to find the State's argument on rehearing is well taken. However, in making this determination we must not only carefully consider Pruitt, but also the Alabama Supreme Court cases of Ex parte Parker,740 So.2d 432 (Ala. 1999), Ex parte Formby 750 So.2d 587 (Ala. 1999), and Hale v. State, 848 So.2d 224 (Ala. 2002).
In Ex parte Parker, 740 So.2d 432 (Ala. 1999), released on February 26, 1999, Parker was charged by indictment with violating what is now § 32-5A-191(h), Ala. Code 1975.[3]
Parker filed a motion in limine to prevent the state from offering evidence at trial of Parker's prior DUI convictions, contending that these convictions were evidence *Page 1110 
of bad character. The trial court granted the motion in limine, the State appealed the trial court's ruling, and this Court reversed the trial court's ruling. The Alabama Supreme Court granted Parker's petition for a writ of certiorari to address
 "the issue whether § 32-5A-191(h) states a substantive offense, of which the three prior convictions referred to in that subsection are elements, or whether the prior offenses referred to in that subsection are properly to be considered only for the purposes of determining whether upon conviction a defendant shall receive an enhanced sentence."
Ex parte Parker, 740 So.2d at 433. The Alabama Supreme Court inParker determined that the substantive elements of DUI are set forth in § 32-5A-191(a), Ala. Code 1975,[4] and that "the legislative intent" of § 32-5A-191(h), Ala. Code 1975, is that subsection (h) provides for sentence enhancement, rather than stating the elements of an offense. Ex parte Parker,740 So.2d at 435.
Following Parker, on August 27, 1999, in Ex parte Formby750 So.2d 587 (Ala. 1999), the Alabama Supreme Court accepted the State's invitation on application for rehearing to clarify whether the district court or the circuit court had original jurisdiction over a DUI made a felony pursuant to § 32-5A-191(h), Ala. Code 1975. The question naturally arose because if the substantive charge is contained in § 32-5A-191(a), Ala. Code 1975, it is a traffic offense over which the district court has jurisdiction, but the district court does not have jurisdiction over a felony offense defined in § 32-5A-191(h), Ala. Code 1975. Jurisdiction over felony charges is in the circuit court.
Formby was indicted for violating § 32-5A-191(a)(2), Ala. Code 1975, "`after having been convicted of three (3) prior Driving Under the Influence Violations.'" Ex parte Formby,750 So.2d at 588. As in Parker, the State was allowed to introduce before the jury evidence of Formby's three prior DUI's. Ultimately the Alabama Supreme Court reversed the judgment in Formby on the authority of Parker. On application for rehearing the Alabama Supreme Court answered the following question posed by the State in its brief on application for rehearing:
 "`Does the Parker decision render Formby's conviction, and the convictions of all others similarly situated, void for lack of jurisdiction because they are based on indictments which originated in the Circuit Court when the District Court has exclusive original jurisdiction of misdemeanor prosecutions for traffic infractions?'"
Ex parte Formby, 750 So.2d at 589 (quoting the State's brief at page 2.) In reaching the above question, the Alabama Supreme Court clarified in Formby that "Parker held that a fourth or subsequent DUI conviction is a felony conviction, rather than a misdemeanor conviction." Ex parte Formby, 750 So.2d at 589. TheFormby *Page 1111 
Court again explained that the "import" of its holding inParker was that prior DUI convictions should not be presented during the "guilt phase" of the trial. Ex parte Formby,750 So.2d at 590. To allow otherwise would taint the jury's determination of "guilt in regard to the instant offense." Exparte Formby, 750 So.2d at 590. However, the Court continued by stating:
 "Of course, due-process protections also require that the defendant be on notice of the charges against him, so the indictment should put him on notice that he is being charged with a violation of § 32-5A-191(a)(2), made a felony by § 32-5A-191(h)."
Ex parte Formby, 750 So.2d at 590 (emphasis added.) Thus,Formby appeared to require that a charging instrument underlying a charge of felony DUI include the fact that the state was seeking a felony conviction. It appeared in Formby that the purpose behind this requirement was not only to provide notice to the defendant of the state's intent to seek sentence enhancement, but also to resolve the question as to which court had jurisdiction.
The Alabama Supreme Court noted that "[t]he indictment gave Formby appropriate notice of the charges against him." Ex parteFormby, 750 So.2d at 591. Because the indictment in Formby gavehim appropriate notice by charging him with a felony, "it was appropriate for the prosecution to proceed in the circuit court."Ex parte Formby, 750 So.2d at 591 (emphasis added).
 "[T]he Legislature's enactment of § 32-5A-191(h) made jurisdiction over a fourth or subsequent DUI charge appropriate in the circuit court, because the offense charged — a fourth or subsequent DUI offense — is a felony. This Court's decision in Parker had no impact on that jurisdictional issue. Prosecutions for felony DUI offenses should have been, and should continue to be, in the circuit court."
Ex parte Formby, 750 So.2d at 590-91 (footnote omitted).
Thus, if an indictment charged felony DUI, the circuit court had jurisdiction, otherwise, the district court had jurisdiction and in the district court there could be no proof of a felony.
Thus, Parker and Formby established: that § 32-5A-191(a), Ala. Code 1975, sets forth the substantive elements of the offense of DUI; that § 32-5A-191(h), Ala. Code 1975, is a sentence enhancement to § 32-5A-191(a), Ala. Code 1975; that an indictmentshould put a defendant on notice that he is being charged with felony DUI; and that the circuit court has jurisdiction over an indictment charging felony DUI.
On October 11, 2002, the Alabama Supreme Court released Halev. State, 848 So.2d 224 (Ala. 2002). Hale was convicted of unlawful distribution of marijuana, but the case is relevant to this discussion because it was relied upon by the Alabama Supreme Court in disposing of Pruitt, a 2004 opinion involving felony DUI.
Hale was sentenced "as an habitual felony offender with one prior felony conviction, to the maximum of life imprisonment (§13A-5-9(a)(2), Ala. Code 1975), plus an additional ten years' imprisonment pursuant to the schoolyard and public housing project enhancement statutes (§§ 13A-12-250 and 13A-12-270, Ala. Code 1975, respectively)." Hale, 848 So.2d at 226. Hale argued that the trial court was without jurisdiction to apply the schoolyard and public-housing-project sentence enhancements because the indictment returned against him did not charge these facts and they were not proven beyond a reasonable doubt to the jury. Hale relied on Apprendi v. New Jersey, 530 U.S. 466, *Page 1112 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000),[5] in support of this argument. Adopting this Court's rationale in Poole v.State, 846 So.2d 370, 373 (Ala.Crim.App. 2001), the Alabama Supreme Court held "that the absence of sentence enhancementallegations from the indictment does not deprive the trial courtof jurisdiction to impose the enhancements." Hale,848 So.2d at 233. The Hale Court also adopted the holding from Poole
that "`[c]onstitutional defects must be objected to in the trial court before we may review them on appeal. . . .'" Therefore, before this Court will review an alleged Apprendi violation, the defendant must object in the trial court. . . .'" Hale,848 So.2d at 233 (quoting Poole, 846 So.2d at 381) (emphasis omitted).
On May 7, 2004, the Alabama Supreme Court released Pruitt v.State, supra. Pruitt was indicted for two counts of DUI.
 "Count one of the indictment charged Pruitt with the offense of `unlawfully operat[ing] a motor vehicle on a public street or road in Sumter County, to-wit: County Road 13 while under the influence of alcohol and having been convicted of three prior offenses of driving under the influence, in violation of [§] 32-5A-191(a)(2) of the Code of Alabama.' The second count of the indictment charged Pruitt with the offense of having `unlawfully operate[d] a motor vehicle on a public street or road in Sumter County, to-wit: County Road 13 while there was 0.08% or more of alcohol by weight in his blood, in violation of [§] 32-5A-191(a)(1) of the Code of Alabama.'"
Pruitt, 897 So.2d at 407. (Emphasis added.) It appeared from the face of the indictment that count I charged a felony and that count II charged a misdemeanor.
During Pruitt's jury trial, the State elected to proceed under count two of the indictment, and the jury found Pruitt guilty of count two. For the incarceration portion of his sentence, the trial court sentenced Pruitt "as a felon to one year and a day based upon his three prior DUI convictions," which sentence "was subject to suspension after Pruitt served 90 days in jail."Pruitt, 897 So.2d at 407. This Court "remanded the case for the trial court to vacate Pruitt's conviction for felony DUI and to adjudge him guilty of a misdemeanor DUI in accordance with count two of the indictment" Pruitt, 897 So.2d at 407-08, because "count two of the indictment contained no reference to §32-5A-191(h), Ala. Code 1975, which makes a fourth or subsequent conviction for DUI a felony and because Pruitt was not on notice [as required by Formby] that he was being charged with a felony [in count II], the trial court could not have convicted him of felony DUI." Pruitt, 897 So.2d at 407. The state filed an application for rehearing which this Court denied and the Alabama Supreme Court granted certiorari review.
The State, citing Hale, argued that because § 32-5A-191(h), Ala. Code 1975,
 "acts as a sentence enhancement rather than to define substantive elements of a separate offense, the failure to reference § 32-5A-191(h) in the indictment does not deprive the trial court of jurisdiction to impose the enhancement portion of the sentence."
Pruitt, 897 So.2d at 408 (emphasis added).
The Alabama Supreme Court, quoting Hale, answered as follows: *Page 1113 
 "Because subsection (h) merely prescribes punishment for someone convicted under subsection (a), `the absence of [a reference to § 32-5A-191(h)] from the indictment does not deprive the trial court of jurisdiction to impose the [felony sentence].' Hale v. State, supra; see also Ex parte Porter, 850 So.2d 315, 316 (Ala. 2002)."
Pruitt, 897 So.2d at 408 (Ala. 2004) (bracketed material added in Pruitt) (emphasis added). Furthermore, the Alabama Supreme Court continued:
 "[T]he absence of a reference to § 32-5A-191(h) in the indictment does not conflict with this Court's holding in Ex parte Formby . . . in which we held that the indictment should put the defendant on notice of the charges against him. The indictment gave Pruitt appropriate notice that he was being charged with a violation of § 32-5A-191(a)(1)."
Pruitt, 897 So.2d at 408 (emphasis added).
Moreover, the Pruitt Court continued citing Hale for the proposition that Pruitt had not preserved for appellate review his claim that he was denied due process on the grounds that he had no notice that count II charged felony DUI, because Pruitt failed to object when the State offered into evidence the three prior DUI convictions.
Thus, as we read Pruitt, if a cause is properly before the circuit court,[6] a finding a guilt pursuant to §32-5A-191(a), Ala. Code 1975, may be followed by sentence enhancements under §§ 32-5A-191(f), (g) or (h), Ala. Code 1975.[7] The Alabama Supreme Court's instructions inFormby that "the indictment should put [a defendant] on notice that he is being charged with a violation of §32-5A-191(a)(2), made a felony by § 32-5A-191(h)" were either clarified or implicitly overruled in Pruitt, which clearly stated that the only notice a defendant was entitled to in an indictment charging DUI was notice that he was being charged with a violation of § 32-5A-191(a), Ala. Code 1975. Ex parte Formby,750 So.2d at 590 (emphasis added). Pruitt underscored that the absence of a reference to § 32-5A-191(h) in an indictment otherwise charging an offense defined in § 32-5A-191(a), Ala. Code 1975, is not a jurisdictional defect, it is a notice defect.Pruitt, 897 So.2d at 408. Lack of notice from the State regarding its intentions to seek application of sentence enhancements is not a jurisdictional defect prohibiting action on the indictment, but rather a constitutional concern the denial of which may not be challenged in the absence of an objection made at trial.
Hopefully, having correctly interpreted the Alabama Supreme Court's intent in Parker, Formby, and Pruitt, we now turn to the question raised on rehearing *Page 1114 
by the State in the instant case: May the State prove prior DUI convictions at a subsequent sentencing hearing as allowed under the HFOA. We answer affirmatively.
Based on the cases discussed above, we see no reason to distinguish sentence enhancement under the HFOA from sentence enhancement under the DUI law. Both are used strictly for sentence enhancement and have no effect on the underlying substantive offense: both carry notice requirements that may be waived; and neither requires inclusion in the indictment.
Therefore, because § 32-5A-191(h) is a sentence enhancement similar in purpose and character to sentence enhancements under the HFOA, we see no reason to treat them differently from the sentence enhancements applied under the HFOA.
Thus, for the reasons stated above, Altherr's conviction for felony DUI is reversed and this cause is remanded to the circuit court with instructions to conduct a second sentencing hearing, where the state can "attempt to prove all previous [Alabama DUI] convictions [of which] the State is aware." Connolly v. State,602 So.2d at 455. However, as with the HFOA, "[t]o enhance a defendant's sentence . . . the State must give proper notice of its intent to do so." Connolly v. State, 602 So.2d at 455.
In addition, the trial court's sentence of 12 months for Altherr's conviction of unlawfully selling, possessing, or exchanging prohibited beverages, a violation of § 28-4-20, Ala. Code 1975, is improper. Section 28-4-21, Ala. Code 1975, states that a violation of § 28-4-20, Ala. Code 1975, is a misdemeanor "punishable by a fine of not less than $50.00 nor more than $500.00, to which . . . may be added imprisonment in the county jail or at hard labor for the county for not more than six months for the first conviction." The record does not indicate that Altherr has previously been convicted for violating § 28-4-20, Ala. Code 1975. Thus, Altherr should not have been sentenced to more than six months in jail for violating §28-4-20, Ala. Code 1975. The trial court is directed to amend Altherr's sentence for possessing prohibited liquor and to resentence Altherr in compliance with § 28-4-20, Ala. Code 1975.
Due return shall be made to this Court at the earliest possible time and within 77 days after the release of this opinion.
APPLICATION GRANTED; OPINION OF JANUARY 30, 2004, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
[1] "On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand one hundred dollars ($4,100) nor more than ten thousand one hundred dollars ($10,100) and by imprisonment of not less than one year and one day nor more than 10 years. Any term of imprisonment may include hard labor for the county or state, and where imprisonment does not exceed three years confinement may be in the county jail. Where imprisonment does not exceed one year and one day, confinement shall be in the county jail. The minimum sentence shall include a term of imprisonment for at least one year and one day, provided, however, that there shall be a minimum mandatory sentence of 10 days which shall be served in the county jail. The remainder of the sentence may be suspended or probated, but only if as a condition of probation the defendant enrolls and successfully completes a state certified chemical dependency program recommended by the court referral officer and approved by the sentencing court. Where probation is granted, the sentencing court may, in its discretion, and where monitoring equipment is available, place the defendant on house arrest under electronic surveillance during the probationary term. In addition to the other penalties authorized, the Director of Public Safety shall revoke the driving privilege or driver's license of the person convicted for a period of five years.
 "Any law to the contrary notwithstanding, the Alabama habitual felony offender law shall not apply to a conviction of a felony pursuant to this subsection, and a conviction of a felony pursuant to this subsection shall not be a felony conviction for purposes of the enhancement of punishment pursuant to Alabama's habitual felony offender law."
§ 32-5A-191(h), Ala. Code 1975.
[2] We note that "[a]ny law to the contrary notwithstanding, the Alabama habitual felony offender law shall not apply to a conviction of a felony pursuant to this subsection, and a conviction of a felony pursuant to this subsection shall not be a felony conviction for purposes of the enhancement of punishment pursuant to Alabama's habitual felony offender law." § 32A-5A-191(h), Ala. Code 1975.
[3] Before May 28, 1996, the provisions of § 32-5A-191(h), Ala. Code 1975, appeared in § 32-5A-191(f), Ala. Code 1975.
[4] "(a) A person shall not drive or be in actual physical control of any vehicle while:
 "(1) There is 0.08 percent or more by weight of alcohol in his or her blood;
"(2) Under the influence of alcohol;
 "(3) Under the influence of a controlled substance to a degree which renders him or her incapable of safely driving;
 "(4) Under the combined influence of alcohol and a controlled substance to a degree which renders him or her incapable of safely driving; or
 "(5) Under the influence of any substance which impairs the mental or physical faculties of such person to a degree which renders him or her incapable of safely driving."
§ 32-5A-191(a), Ala. Code 1975,
[5] Apprendi holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Poole v. State,846 So.2d 370, 375 (Ala.Crim.App. 2001) (emphasis omitted).
[6] "Section 12-11-30(2) provides in pertinent part: `The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge. . . .' (Emphasis added in Russell.) See also Ala. R.Crim. P. 2.2(a)."Ex parte Russell, 643 So.2d 963, 965 (Ala. 1994). "[T]he dismissal of a felony-DUI charge against a defendant did not strip the circuit court of jurisdiction over the remaining misdemeanor charges." Davis v. State, 806 So.2d 404, 406
(Ala.Crim.App. 2001) citing Casey v. State, 740 So.2d 1136
(Ala.Crim.App. 1998).'
[7] An indictment that charged only a violation of §32-5A-191(a), Ala. Code 1975, could be heard only in the district court because that offense, absent an additional charge in the indictment invoking the circuit court's jurisdiction, charges a misdemeanor. In the district court, enhancements are limited to those found in § 32-5A-191(f) and (g), Ala. Code 1975.
* Note from the reporter of decisions: On January 7, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.