LYONS, Justice
(dissenting).
The main opinion states that “if a defendant is charged in an indictment with the offense of DUI and with having three prior DUI convictions (i.e., with violating § 32-5A-191(h), Ala.Code 1975), then the DUI offense charged is a felony prosecution and the jurisdiction of the circuit court is invoked.” 25 So.3d at 1194. The main opinion then concludes that “[i]n this case, the indictment charged Marshall with the offense of DUI and with having three prior DUI convictions” and that “[tjhis indictment set forth a felony prosecution, invoking the circuit court’s jurisdiction.” 25 So.3d at 1195. I respectfully disagree with this conclusion.
I do not view the indictment charging Marshall with DUI as charging him with a felony that is within the circuit court’s jurisdiction. The indictment alleged only that Marshall had been convicted of three or more offenses of driving under the influence. Under § 32-5A-191(h) and § 32-5A-191(o), Ala.Code 1975, felony DUI is applicable only to those persons convieted of DUI who have had at least three prior DUI convictions within a five-year period preceding the latest conviction. Subsections (h) and (o) of § 32-5A-191 both relate to the offense of felony DUI and must be read together. Florence v. Williams, 439 So.2d 83, 87 (Ala.1983) (“[A]ll statutes relating to the same subject or having the same general purpose [must] be read together to constitute one law.”). The indictment in this case charging DUI under § 32-5A-191(h) with three prior misdemeanor convictions charges only a misdemeanor because it ignores the five-year requirement of § 32-5A-191(o).
In Pruitt v. State, 897 So.2d 402 (Ala.Crim.App.2003), the Court of Criminal Appeals held that a circuit court retained jurisdiction of a DUI case after the State elected to proceed on the misdemeanor DUI charge and not the felony DUI charge — both ofivhich were charged in the indictment On certiorari review in Pruitt v. State, 897 So.2d 406, 407 (Ala.2004), this Court held that a count of an indictment charging a driver with DUI after that driver had been convicted of three prior offenses of driving under the influence did not have to refer to § 32-5A-191(h) in order to charge felony DUI. However, Pruitt was decided before § 32-5A-191(o) was adopted to limit the “look back” provision of subsection (h) to five years; it *1198 therefore does not speak to the issue before this Court as to an indictment that charges only driving under the influence and refers to three prior convictions without specificity as to the time of conviction, a critical factor in § 32-5A-191 as amended. Without a companion felony count in Marshall's indictment, as was the case in Pruitt, the indictment charged only a single count of misdemeanor DUI.
Nor does this Court’s holding in Ex parte Seymour, 946 So.2d 536 (Ala.2006), justify or require the conclusion reached in the main opinion. In Seymour, the indictment charging the offense omitted an element of the offense. Specifically, the indictment charged Seymour with shooting into an occupied dwelling but failed to state the requisite mental state for the offense. Rejecting Seymour’s argument that this omission was a fatal jurisdictional error, this Court stated:
“The Alabama Code provides that ‘[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions ....’§ 12-11-30, Ala.Code 1975. The offense of shooting into an occupied dwelling is a Class B felony. § 13A-11-61(b), Ala.Code 1975. As a result, the State’s prosecution of Seymour for that offense was within the circuit court’s subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case.”
946 So.2d at 538. Clearly Seymour turned on the presence of an indictment charging a felony within the court’s jurisdiction. An omission in the allegations set forth in the indictment did not divest the court of its power to hear the case. We therefore are not dealing with an indictment describing a felony plainly within the court’s jurisdiction, such as shooting into an occupied dwelling for which there is no corollary in the Code described as a misdemeanor, and merely omitting an element of that offense, as was the case in Seymour.
Because the State never charged Marshall in the indictment with the predicate offenses that made the DUI charge against him a felony prosecution, the trial court lacked jurisdiction over the misdemeanor DUI charged in the indictment. I would reverse the judgment of the Court of Criminal Appeals; therefore, I dissent.