KELLUM, Judge.
 
 [1]
 

 The appellant, Jody L. Nelson, was convicted of one count of the felony offense of driving under the influence of alcohol, a violation of § 32-5A-191(a) and (h), Ala.Code 1975, one count of reckless driving, a violation of § 32-5A-190, Ala.Code 1975, and one count of driving while her license was revoked, a violation of § 32-6-19, Ala.Code 1975. The circuit court sentenced Nelson to 10 years’ imprisonment for the felony DUI conviction and ordered Nelson to pay a $5,000 fíne, $100 to the crime victims compensation fund, $600 in attorney fees, and court costs. The circuit court further sentenced Nelson to 90 days’ imprisonment for the reckless-driving conviction and to 6 months’ imprisonment for driving while her license was revoked; the court imposed a $500 fine for each conviction. The court ordered that the sentences were to run concurrently.
 

 A short recitation of the facts is all that is necessary to dispose of this appeal. On March 18, 2005, Officer Michael Merritt was notified by dispatch to be on the lookout for a reckless driver driving north on U.S. Highway 98 in Daphne. Officer Merritt subsequently identified a vehicle making constant lane changes without turn signals and initiated a traffic stop. The driver of the vehicle was identified as Nelson. Officer Merritt testified that he smelled alcohol coming from Nelson’s person. After Nelson was unable to perform several field-sobriety tests, he was arrested for driving under the influence of alcohol.
 

 The sole issue raised by Nelson on appeal is whether the circuit court was without jurisdiction to sentence him for the felony offense of DUI where the three prior DUI convictions used to elevate his fourth conviction to a felony DUI fell outside the five-year period provided for in § 32-5A-191(o), Ala.Code 1975. Nelson, whose DUI arrest resulted from a traffic stop that occurred on March 19, 2005, was convicted on March 9, 2007, and sentenced on May 24, 2007. During the time between Nelson’s arrest and his conviction,
 
 *818
 
 the Alabama Legislature amended § 32-5A-191, Ala.Code 1975; this amendment resulted in the former subsection (o) becoming subsection (p), and the addition of a new subsection (o). This new subsection, which became effective April 28, 2006, provides:
 

 “A prior conviction within a five-year period for driving under the influence of alcohol
 
 or drugs from this state, a municipality within this state, or another state or territory or a municipality of another state or territory
 
 shall be considered by a court for imposing a sentence pursuant to this
 
 section.”
 

 § 32-5A-191(o), Ala.Code 1975 (emphasis added). It is Nelson’s contention that this newly enacted subsection is applicable in his case, thus mandating reversal of what he says is the circuit court’s “illegal sentence.”
 

 It is well settled that the statute in effect at the time a crime is committed governs the prosecution of that offense. See
 
 Minnifield v. State,
 
 941 So.2d 1000, 1001 (Ala.Crim.App.2005) (“It is well settled that the law in effect at the time of the commission of the offense controls the prosecution.”); see also
 
 Hardy v. State,
 
 570 So.2d 871 (Ala.Crim.App.1990)(unless otherwise stated in the statute, the law in effect at the time the offense was committed controls the offense). Likewise, “[a] defendant’s sentence is determined by the law in effect at the time of the commission of the offense.”
 
 Davis v. State,
 
 571 So.2d 1287, 1289 (Ala.Crim.App.1990).
 

 Before the 2006 amendment became effective, § 32-5A-191 contained no five-year-limitation period concerning convictions that could be used for the purposes of DUI sentencing enhancement. See, e.g.,
 
 Finch v. State,
 
 903 So.2d 166, 167 (Ala.Crim.App.2004) (DUI convictions more than five years old properly used to enhance defendant’s sentence). As previously established, Nelson’s offense took place on March 19, 2005. Because the law controlling Nelson’s prosecution contained no limiting five-year window, his DUI convictions that were more than five years old could be used for purposes of sentencing enhancement.
 

 However, our review of the record indicates that one of the DUI convictions used to elevate Nelson’s sentence to a felony DUI was in a municipal court. The record establishes that the State submitted certified copies of three Uniform Traffic Tickets and Complaints (“UTTCs”) to the circuit court at the sentencing hearing — 1993 and 1995 DUI convictions in the Baldwin County District Court and a 1999 DUI conviction in the Foley Municipal Court. The inclusion of Nelson’s 1999 DUI conviction in the municipal court runs afoul of our Supreme Court’s decision in
 
 Ex parte Holbert,
 
 4 So.3d 410 (Ala.2008). In
 
 Hol-bert,
 
 a case decided after Nelson had been convicted of felony DUI, our Supreme Court held that prior in-state DUI convictions in municipal court do not count toward the total number of DUI convictions necessary to constitute a felony DUI offense under § 32-5A-191(h).
 

 Although Nelson’s conviction for felony DUI cannot stand under
 
 Holbert
 
 based on the fact that a municipal DUI conviction was used to enhance his sentence, we note that this Court’s decision in
 
 Altherr v. State,
 
 911 So.2d 1105 (Ala.Crim.App.2004), allows for the remand of this case for the State to prove three DUI convictions, not including municipal DUI convictions, at a second sentencing hearing.
 
 [2]
 

 
 *819
 
 In
 
 Altherr,
 
 the defendant was convicted of felony DUI based on four prior DUI convictions, two of which were in Georgia and two of which were in Alabama. Relying on
 
 Ex parte Bertram,
 
 884 So.2d 889 (Ala.2003), we held that the trial court improperly considered the two out-of-state DUI convictions when elevating the defendant’s sentence to a felony under § 32-5A-191(h), reversed the defendant’s conviction, and remanded the case to the trial court for that court to enter a judgment against the defendant for the lesser punishment under § 32-5A-191(g), Ala.Code 1975.
 
 Altherr,
 
 911 So.2d at 1109. On application for rehearing, the State argued that the case should have been remanded to the trial court for a new sentencing hearing so that it could prove additional Alabama DUI convictions because § 32-5A-191(h) is a sentence enhancement statute, and, as such, is “no different from that of an enhancement of a sentence after felony convictions under the Habitual Felony Offender Act (‘HFOA’).” 911 So.2d at 1109. This Court unanimously agreed with the State’s argument:
 

 “[W]e see no reason to distinguish sentence enhancement under the HFOA from sentence enhancement under the DUI law. Both are used strictly for sentence enhancement and have no effect on the underlying substantive offense: both carry notice requirements that may be waived; and neither requires inclusion in the indictment.
 

 “Therefore, because § 32-5A-191(h) is a sentence enhancement similar in purpose and character to sentence enhancements under the HFOA, we see no reason to treat them differently from the sentence enhancements applied under the HFOA.
 

 “Thus, for the reasons stated above, [the defendant’s] conviction for felony DUI is reversed and this cause is remanded to the circuit court with instructions to conduct a second sentencing hearing, where the state can ‘attempt to prove all previous [Alabama DUI] convictions [of which] the State is aware.’
 
 Connolly v. State,
 
 602 So.2d at 455. However, as with the HFOA, ‘[t]o enhance a defendant’s sentence ... the State must give proper notice of its intent to do so.’
 
 Connolly v. State,
 
 602 So.2d [452, 455 (Ala.1992) ].”
 

 Altherr,
 
 911 So.2d at 1114.
 

 The instant case is analogous to
 
 Altherr.
 
 In this case, as in
 
 Altherr,
 
 the State submitted improper evidence of prior DUI convictions at a sentencing hearing seeking to enhance a DUI conviction under § 32-5A-191(h). The circuit court, based on the improper evidence, enhanced the sentence, and Nelson was convicted of felony DUI. The State, in the instant case, submitted the municipal DUI conviction strictly for the purposes of sentence enhancement and not in connection with proving the underlying offense.
 

 We note that this Court’s holding in
 
 Altherr
 
 is not in contravention of our Supreme Court’s holding in
 
 Holbert.
 
 The Supreme Court’s decision in
 
 Holbert
 
 did not address whether the State could prove other additional prior DUI convictions at a subsequent sentencing hearing. Instead, the Supreme Court limited its analysis to whether the circuit court could enhance a DUI conviction using a municipal DUI conviction.
 

 Based on the foregoing, we reverse Nelson’s felony DUI conviction and remand the cause for the circuit court to conduct a second sentencing hearing at which the State can produce certified eopies of Nelson’s previous DUI convictions, other than municipal DUI convictions, if such exist. However, as noted in
 
 Altherr,
 
 the State must give proper notice of its intent to enhance Nelson’s sentence.
 

 
 *820
 
 The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 WISE, P.J., and WELCH and WINDOM, JJ., concur.
 

 [1]
 

 . This case was originally assigned to another judge on the Court of Criminal Appeals; it was reassigned to Judge Kellum on January 20, 2009.
 

 [2]
 

 . A sentencing report included in the record on appeal and prepared in advance of the sentencing hearing indicates that Nelson has additional DUI convictions other than those submitted by the State at the sentencing hearing.